IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES JOSEPH DENNIS        :
                             :
    v.                       :   Civil Action No. DKC 19-2064
                             :
U.S. DEPARTMENT OF EDUCATION,
et al.                       :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this student loan case is the motion to intervene as defendant and real party in interest filed by Educational Credit Management Corporation ("ECMC") (ECF No. 41), and the motion to dismiss misjoined party and for joinder of real party in interest filed by Defendant ECMC Shared Services Company ("Defendant ECMC Shared Services") (ECF No. 42). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motions will be granted.

I. **Factual Background**

Charles Joseph Dennis ("Plaintiff") borrowed money to finance his undergraduate and graduate education. (ECF No. 2, at 2-3 ¶¶ 3-13). To finance his undergraduate education, Plaintiff executed four promissory notes, totaling $8,120.00, over four years – from September 1978 to May 1981. (*Id.*, at 2 ¶¶ 3-9). These loans were federally-subsidized Stafford Loans

disbursed through the Federal Family Education Loan Program ("FFELP"). (ECF No. 41, at 1). "These loans were originally funded by Emigrant Savings Bank and then transferred to SLMA Loan Servicing Center for funding [servicing?]." (ECF No. 32, at 2).[1] Originally, the New York State Higher Education Services Corporation ("NYHESC") guaranteed the loans. (ECF No. 2, at 2 ¶¶ 3-6; ECF No. 32, at 2). Plaintiff maintains that these "loans have been paid in full." (ECF No. 2, at 5 ¶ 27). However, Plaintiff attached documents to his complaint that indicate that he "failed to honor his repayment obligation to SLMA Loan Servicing Center, [and that his] account became severely delinquent and defaulted on June 30, 1983." (ECF No. 32, at 2). "As the guarantor, NYHESC paid SLMA Loan Servicing Center a default claim, and NYHESC took all right, title[,] and interest in [Plaintiff's] loans." (*Id.*). "Based on a business decision made by the. . . Department of Education. . . [Plaintiff's] account was transferred from NYHESC to ECMC and

---

[1] The Department of Education removed this action to the United States District Court for the District of Maryland. (ECF No. 1). The Notice of Removal included the state court complaint and Exhibits A through K to the state court complaint. (ECF No. 1-2 – ECF No. 1-13). Plaintiff then filed his complaint in this court. (ECF No. 2). Plaintiff's filing included Exhibits A through K. (ECF No. 2-1 – ECF No. 2-11). The Department of Education then filed "a copy of the remaining state court papers that were not initially filed with the Notice of Removal[.]" (ECF No. 9, at 1). These papers included two additional exhibits: Exhibit L and Exhibit M. (ECF No. 28 – ECF No. 40). The opinion will cite to the complete set of exhibits filed by the Department of Education.

2

ECMC was declared the new guarantor of [Plaintiff's] loans as of August 20, 2009." (*Id.*). "ECMC took all right, title[,] and interest in [Plaintiff's] loans." (*Id.*).

To finance his graduate education, Plaintiff executed three promissory notes, totaling $13,500.00, over three years – from 1983 to 1986. (ECF No. 2, at 3 ¶ 12). The graduate loans were direct loans from the Department of Education and the Missouri Higher Education Authority ("MOHELA") provided processing services. (*Id.*, ¶ 13). The graduate loans "are separate from, and unrelated to, the. . . [l]oans held by ECMC." (ECF No. 41, at 2 ¶ 4).

**II. Procedural Background**

On April 16, 2019, Plaintiff filed a complaint in the Circuit Court of Maryland for Baltimore County, Case No. C-03-CV-19-000968 against ECMC Shared Services and the Department of Education. (ECF No. 1, at 1). On July 15, 2019, the Department of Education removed this action to the United States District Court for the District of Maryland. (ECF No. 1). On July 22, 2019, Defendant ECMC Shared Services filed a consent motion for extension of time to respond to the complaint and requested an extension until August 21, 2019. (ECF No. 6, at 1). On July 23, 2019, the court granted the consent motion for extension of time. (ECF No. 7).

On August 21, 2019, ECMC filed the presently pending motion to intervene as defendant and real party in interest in place of named Defendant ECMC Shared Services. (ECF No. 41). That same day, Defendant ECMC Shared Services filed the presently pending motion to dismiss misjoined party and for joinder of real party in interest. (ECF No. 42). The latter motion "adopts and incorporates" the former motion; it does not advance additional arguments. (ECF No. 42, at 1). Plaintiff did not respond to either motion. On September 20, 2019, the court issued a paperless notice to counsel stating that no response had been received and requesting that Plaintiff "file a response or advise the court if no opposition will be filed." (ECF No. 45). Plaintiff did not respond to the paperless notice.

**III. Motion to Intervene**

ECMC moves to intervene as of right under Fed.R.Civ.P. 24(a)(2). ECMC contends that Plaintiff misjoined Defendant ECMC Shared Services and requests that the court drop Defendant ECMC Shared Services from this suit. ECMC "is a student loan guaranty agency in the FFELP. . . [and] is the current holder of the Stafford Loans at issue in this proceeding." (ECF No. 41, at 1-2 ¶ 2). ECMC explains that ECMC and Defendant ECMC Shared Services are separate subsidiaries of ECMC Group, Inc. (*Id.* ¶ 3). ECMC clarifies that Defendant ECMC Shared Services "is

4

<u>not</u> a student loan guaranty agency and does <u>not</u> hold any interests in student loans." (*Id.*) (emphasis in original).

Fed.R.Civ.P. 24(a)(2) provides for intervention as of right and states:

> On timely motion, the court must permit anyone to intervene who. . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

In *Pa. Nat'l Mut. Cas. Ins. Co. v. Perlberg*, 268 F.R.D. 218, 224-25 (D.Md. 2010), Judge Blake noted:

> [T]o intervene as of right, a movant must show: (1) timely application; (2) an interest in the subject matter of the underlying action; (3) that a denial of the motion to intervene would impair or impede the movant's ability to protect its interest; and (4) that the movant's interest is not adequately represented by the existing parties to the litigation. *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999). "A party moving for intervention under 24(a) bears the burden of establishing a right to intervene, and must do so by satisfying all four requirements." *U.S. ex rel. MPA Const., Inc. v. XL Specialty Ins. Co.*, 349 F.Supp.2d 934, 937 (D.Md. 2004) (citing *In re Richman*, 104 F.3d 654, 658 (4th Cir. 1997)).

ECMC satisfies all four requirements for intervention as of right. First, the motion to intervene is timely because ECMC filed it approximately two months after Plaintiff served the

5

complaint on Defendant ECMC Shared Services on June 17, 2019 and approximately one month after the Department of Education removed the action to this court on July 15, 2019. Second, ECMC has an interest in the subject matter of this case because it is the current holder of the loans at issue in this proceeding. Third, as the current holder of the loans, denial of ECMC's motion to intervene would impair its ability to protect its interest in the loans. Finally, the existing named defendants do not hold any legal interest in the loans and therefore do not adequately represent ECMC's interests.

ECMC also moves to drop Defendant ECMC Shared Services as a defendant pursuant to Fed.R.Civ.P. 21. Under Fed.R.Civ.P. 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." ECMC argues that Defendant ECMC Shared Services "is <u>not</u> a student loan guaranty agency and does <u>not</u> hold any interests in student loans." (ECF No. 41, at 2) (emphasis in original). The documents attached to the complaint reference ECMC, not ECMC Shared Services. (ECF No. 32; ECF No. 40). Plaintiff has not opposed these motions, nor provided any facts showing that his claim relates to Defendant ECMC Shared Services. Accordingly, ECMC Shared Services will be dropped as Defendant.

**IV. Conclusion**

For the foregoing reasons, the motion to intervene as defendant and real party in interest filed by ECMC (ECF No. 41), and the motion to dismiss misjoined party and for joinder of real party in interest filed by Defendant ECMC Shared Services (ECF No. 42) will be granted. A separate order will follow.

                                                 /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge