```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

|   |   |   |
|---|---|---|
| CHARLES JOSEPH DENNIS | : | |
| | : | |
| v. | : | Civil Action No. DKC 19-2064 |
| | : | |
| U.S. DEPARTMENT OF EDUCATION, et al. | : | |

**MEMORANDUM OPINION**

Presently pending in this student loan case are the motion to dismiss filed by the United States Department of Education (the "Department of Education") (ECF No. 55), and the motion for summary judgment filed by Educational Credit Management Corporation ("ECMC") (ECF No. 64). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the parties will be directed to address jurisdictional issues before the motions can be resolved.

**I.  Factual Background**

Charles Joseph Dennis ("Plaintiff") borrowed money to finance his undergraduate and graduate education. (ECF No. 2, ¶¶ 3-13). ECMC holds Plaintiff's undergraduate loans and the Department of Education holds Plaintiff's graduate loan.

To finance his undergraduate education, Plaintiff executed four promissory notes, totaling $8,120.00, over four years – from September 1978 to May 1981. (*Id.*, ¶¶ 3-9; *see also* ECF No. 64-2,

at 16-19). These loans were federally-subsidized Stafford Loans disbursed through the Federal Family Education Loan Program ("FFELP"). (ECF No. 64-1, at 2). "These loans were originally funded by Emigrant Savings Bank and then transferred to SLMA Loan Servicing Center[.]" (ECF No. 32, at 2).[1] Originally, the New York Higher Education Services Corporation ("NYHESC") guaranteed the loans. (ECF No. 2, ¶¶ 3-6; ECF No. 32, at 2). Plaintiff maintains that these "loans have been paid in full." (ECF No. 2, ¶ 27). However, Plaintiff attached documents to his complaint indicating that he "failed to honor his repayment obligation to SLMA Loan Servicing Center, [and that his] account became severely delinquent and defaulted on June 30, 1983." (ECF No. 32, at 2). "As the guarantor, NYHESC paid SLMA Loan Servicing Center a default claim, and NYHESC took all right, title[,] and interest in [Plaintiff's] loans." (*Id.*). "Based on a business decision made by the . . . Department of Education . . . [Plaintiff's] account was transferred from NYHESC to ECMC and ECMC was declared the new

---

[1] The Department of Education removed this action to the United States District Court for the District of Maryland. (ECF No. 1). The Notice of Removal included the state court complaint and Exhibits A through K to the state court complaint. (ECF No. 1-2 – ECF No. 1-13). The clerk then filed the complaint and exhibits separately. (ECF No. 2; ECF No. 2-1 – ECF No. 2-11). The Department of Education then filed "a copy of the remaining state court papers that were not initially filed with the Notice of Removal[.]" (ECF No. 9, at 1). These papers included two additional exhibits: Exhibit L and Exhibit M. (ECF No. 28 – ECF No. 40). The opinion will cite to the complete set of exhibits filed by the Department of Education.

guarantor of [Plaintiff's] loans as of August 20, 2009." (*Id.*). "ECMC took all right, title[,] and interest in [Plaintiff's] loans." (*Id.*).

To finance his graduate education, Plaintiff executed three promissory notes, totaling $13,500.00, over three years – from 1983 to 1986. (ECF No. 2, ¶ 12; *see also* ECF No. 55-2 ¶¶ 37-40). In August 1994, Plaintiff consolidated these loans into one FFELP consolidation loan totaling $11,813.77. (ECF No. 55-2 ¶ 41). In March 2006, Plaintiff executed a federal direct consolidation loan application and promissory note. (*Id.*, ¶ 42). The Department of Education "disbursed a total of $18,543.07 to fund [the direct consolidation loan] with an interest rate of 7%." (*Id.*). The Direct Loan Servicing Center (ACS) serviced the loan until November 9, 2011; the Missouri Higher Education Authority ("MOHELA") serviced the loan until March 26, 2017; and Fed Loan Servicing (PHEAA) serviced the loan until default. (*Id.* ¶ 43). The Department of Education "now holds and services the loan[.]" (*Id.*). Plaintiff alleges that he "entered a program for payment of the [graduate loan] wherein as a government employee, [he] could satisfy his student loans with scheduled payments for a period of 120 months without default." (ECF No. 2, ¶ 14). He thus appears to have sought unsuccessfully Public Service Loan Forgiveness ("PSLF").

## II. Procedural Background

On April 16, 2019, Plaintiff filed a complaint in the Circuit Court for Baltimore County, Case No. C-03-CV-19-000968 against ECMC Shared Services and the Department of Education. (ECF No. 1, at 1). Plaintiff asked the state court "to determine and declare the rights of the parties" under the Maryland Uniform Declaratory Judgments Act, Md.Code Ann., Cts. & Jud. Proc. § 3-409(a). (ECF No. 2, at 6). On July 15, 2019, the Department of Education removed this action to the United States District Court for the District of Maryland under 28 U.S.C. § 1442(a)(1) because it is against an agency of the United States. (ECF No. 1). On August 21, 2019, ECMC moved to intervene as defendant and real party in interest in place of ECMC Shared Services. (ECF No. 41). The court granted ECMC's motion, added ECMC as a defendant, and dropped ECMC Shared Services as a defendant. (ECF Nos. 46; 47).

On February 21, 2020, the Department of Education filed a motion to dismiss, or in the alternative, for summary judgment.[2] (ECF No. 55). Plaintiff responded in opposition (ECF No. 63), and the Department of Education replied (ECF No. 69).

---

[2] Despite this styling, the motion makes no argument for summary judgment and requests only dismissal. (ECF No. 55-1, at 11 ("[Department of Education] respectfully moves this [c]ourt to dismiss the complaint."); ECF No. 69, at 4 (same)).

On June 15, 2020, ECMC filed a motion for summary judgment. (ECF No. 64). Plaintiff responded in opposition (ECF No. 68), and ECMC replied (ECF No. 70).[3]

None of the parties has delineated the actual cause of action before this court or discussed the parameters of this court's jurisdiction. Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The removal was predicated on 28 U.S.C. § 1442(a):

> A civil action . . . that is commenced in a State court and that is against or directed to any of the following may be removed by them . . . :
>
> (1) The United States or any agency thereof . . . for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the . . . collection of the revenue.

The first question is whether this declaratory judgment action is removable in the first instance. Forty years ago, the court in *National Audobon Society v. Department of Water & Power of the City of Los Angeles*, concluded that the declaratory relief requested there was "a determination of passive abstract rights" and was not a civil action "'for any act[.]'" 496 F.Supp. 499, 505 (E.D.Ca. 1980). Thus, declaratory relief actions are said to

---

[3] Plaintiff filed ECF No. 68 to amend its earlier response, ECF No. 67.

be not removable. Removal Jurisdiction, Rutter Grp. Practice Guide Fed. Civ. Proc. Before Trial (Nat.Ed.) Ch. 2D-4. Even if removal was proper, the court must then determine what is before this court, both in terms of the cause of action, and the portion of the case involving ECMC. Several observations in the Wright & Miller treatise illustrate the issues:

> Because Section 1442(a)(1) authorizes removal of the entire action even if only one of the controversies it raises involves a federal officer or agency, the section creates a species of statutorily-mandated supplemental subject-matter jurisdiction. The district court can exercise its discretion to decline jurisdiction over supplemental claims if the federal agency drops out of the case, or even if the federal defendant remains a litigant. . . .
>
> Finally, when removal of a state-court action is available because the defendant is a federal officer, the substantive law to be applied is unaffected by the removal.

14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3726 (Rev. 4th ed. 2020). This last observation contradicts the normal rule that, when a state declaratory judgment action is removed to federal court, the federal court applies the federal Declaratory Judgment Act, 28 U.S.C. § 2201. *Hausfield v. Love Funding Corp.*, 131 F.Supp.3d 443, 468 (D.Md. 2015) (citing *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 261 n.3 (4th Cir. 2013).

Thus, before addressing the issues generated by the pending motions, the parties must brief, and the court must resolve, the

thorny jurisdictional questions. The pending motions will be stayed.

                                                   /s/  
                              DEBORAH K. CHASANOW  
                              United States District Judge