```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

                                    :
CHARLES JOSEPH DENNIS
                                    :

    v.                              :    Civil Action No. DKC 19-2064

                                    :
U.S. DEPARTMENT OF EDUCATION,
et al.                              :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this student loan case are the motion to dismiss filed by the United States Department of Education (the "Department of Education") (ECF No. 55), and the motion for summary judgment filed by Educational Credit Management Corporation ("ECMC") (ECF No. 64). The court also directed the parties to address removal jurisdiction issues, and to try to identify the cause(s) of action presented by Plaintiff's complaint. The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motions will be granted.

**I. Factual Background**

Charles Joseph Dennis ("Plaintiff") borrowed money to finance his undergraduate and graduate education. (ECF No. 2, ¶¶ 3-13). ECMC holds Plaintiff's undergraduate loans and the Department of Education holds Plaintiff's graduate loan.

To finance his undergraduate education, Plaintiff executed four promissory notes, totaling $8,120.00, over four years – from September 1978 to May 1981.  (*Id.*, ¶¶ 3-9; *see also* ECF No. 64-2, at 16-19).  These loans were federally subsidized Stafford Loans disbursed through the Federal Family Education Loan Program ("FFELP").  (ECF No. 64-1, at 2).  "These loans were originally funded by Emigrant Savings Bank and then transferred to SLMA Loan Servicing Center[.]" (ECF No. 32, at 2).[1]  Originally, the New York Higher Education Services Corporation ("NYHESC") guaranteed the loans.  (ECF No. 2, ¶¶ 3-6; ECF No. 32, at 2).  Plaintiff maintains that these "loans have been paid in full."  (ECF No. 2, ¶ 27).  However, Plaintiff attached documents to his complaint indicating that he "failed to honor his repayment obligation to SLMA Loan Servicing Center, [and that his] account became severely delinquent and defaulted on June 30, 1983."  (ECF No. 32, at 2).  "As the guarantor, NYHESC paid SLMA Loan Servicing Center a default

---

[1] Several exhibits are duplicative of one another. The Department of Education removed this action to the United States District Court for the District of Maryland.  (ECF No. 1).  The Notice of Removal included the state court complaint and Exhibits A through K to the state court complaint.  (ECF No. 1-2 – ECF No. 1-13).  The clerk then filed the complaint and exhibits separately. (ECF No. 2; ECF No. 2-1 – ECF No. 2-11).   The Department of Education then filed "a copy of the remaining state court papers that were not initially filed with the Notice of Removal[.]" (ECF No. 9, at 1).   These papers included two additional exhibits: Exhibit L and Exhibit M.  (ECF No. 28 – ECF No. 40).  The opinion will cite to the complete set of exhibits filed by the Department of Education.

claim, and NYHESC took all right, title[,] and interest in [Plaintiff's] loans." (*Id.*). "Based on a business decision made by the . . . Department of Education . . . [Plaintiff's] account was transferred from NYHESC to ECMC and ECMC was declared the new guarantor of [Plaintiff's] loans as of August 20, 2009." (*Id.* at 3). "ECMC took all right, title[,] and interest in [Plaintiff's] loans." (*Id.*).

To finance his graduate education, Plaintiff executed three promissory notes, totaling $13,500.00, over three years – from 1983 to 1986. (ECF No. 2, ¶ 12; *see also* ECF No. 55-2 ¶¶ 37-40). In August 1994, Plaintiff consolidated these loans into one FFELP consolidation loan totaling $11,813.77. (ECF No. 55-2 ¶ 41). In March 2006, Plaintiff executed a federal direct consolidation loan application and promissory note. (*Id.,* ¶ 42). The Department of Education "disbursed a total of $18,543.07 to fund [the direct consolidation loan] with an interest rate of 7%." (*Id.*). The Direct Loan Servicing Center (ACS) serviced the loan until November 9, 2011; the Missouri Higher Education Authority ("MOHELA") serviced the loan until March 26, 2017, and Fed Loan Servicing (PHEAA) serviced the loan until default. (*Id.,* ¶ 43). The Department of Education "now holds and services the loan[.]" (*Id.*). Plaintiff alleges that he "entered a program for payment of the [graduate loan] wherein as a government employee, [he] could satisfy his student loans with scheduled payments for a period of

3

120 months without default." (ECF No. 2, ¶ 14). He thus appears to have sought unsuccessfully Public Service Loan Forgiveness ("PSLF").

## II. Procedural Background

On April 16, 2019, Plaintiff filed a complaint in the Circuit Court for Baltimore County, Case No. C-03-CV-19-000968, against ECMC Shared Services and the Department of Education. (ECF No. 1, at 1). Plaintiff asks the court "to determine and declare the rights of the parties" under the Maryland Uniform Declaratory Judgments Act, Md.Code Ann., Cts. & Jud. Proc. § 3-409(a). (ECF No. 2, at 6). On July 15, 2019, the Department of Education removed this action to the United States District Court for the District of Maryland under 28 U.S.C. § 1442(a)(1) because it is against an agency of the United States. (ECF No. 1). On August 21, 2019, ECMC moved to intervene as defendant and real party in interest in place of ECMC Shared Services. (ECF No. 41). The court granted ECMC's motion, added ECMC as a defendant, and dropped ECMC Shared Services as a defendant. (ECF Nos. 46; 47).

On February 21, 2020, the Department of Education filed a motion to dismiss, or in the alternative, for summary judgment. (ECF No. 55).[2] Plaintiff responded in opposition (ECF No. 63),

---

[2] Despite this styling, the motion makes no argument for summary judgment and requests only dismissal. (ECF No. 55-1, at 11 ("[Department of Education] respectfully moves this [c]ourt to dismiss the complaint."); ECF No. 69, at 4 (same)).

4

and the Department of Education replied (ECF No. 69).  On June 15, 2020, ECMC filed a motion for summary judgment.  (ECF No. 64). Plaintiff responded in opposition (ECF No. 68),[3] and ECMC replied (ECF No. 70).

On August 28, 2020, the court directed the parties to provide supplemental briefing addressing whether this case was properly removed from state court.  (ECF No. 72, at 6).  The court also asked the parties to identify "the cause of action, and the portion of the case involving ECMC." (*Id.*).  On September 18, 2020, the Department of Education responded.  (ECF No. 74).  On October 6, 2020, Mr. Dennis responded.  (ECF No. 77).  On October 09, 2020, ECMC responded.  (ECF No. 78).

**III. Removal Jurisdiction**

The Department of Education argues that this case was properly removed from state court under 28 U.S.C. § 1442(a)(1). § 1442(a)(1) provides: "A civil action . . . that is commenced in a State Court and that is against or directed to . . . [t]he United States or any agency thereof . . . for or relating to any act under color of such office" may be removed to federal court.  The term "civil action" is broadly defined to include "any proceeding . . . to the extent that in such proceeding a judicial order, including

---

[3] Plaintiff filed ECF No. 68 to amend its earlier response, ECF No. 67.

a subpoena for testimony or documents, is sought or issued." 28 U.S.C. § 1442(d).

The court also noted, however, in its previous order that removal may be inappropriate here due to the same kinds of justiciability concerns raised in *National Audobon Society v. Department of Water & Power of the City of Los Angeles,* 496 F.Supp. 499 (E.D.Ca. 1980). (ECF No. 72) ("The first question is whether this declaratory judgment action is removable in the first instance.  Forty years ago, the court in *[Audobon]*, concluded that the declaratory relief requested there was a 'a determination of passive abstract rights; and was not a civil action 'for any act[.]'"). The Department of Education responds that the present case is distinguishable from *Audobon* for two reasons.  First, Mr. Dennis "does not seek a determination of a passive abstract right, but instead seeks a determination of his active obligation to repay his federal loan, the effect of which, if successful, would grant him a discharge of his federal student loans." (ECF No. 74, at 4).  Second, unlike in *Audobon*, Mr. Dennis *is* challenging an act of the federal government because he seeks a "a court order directing [the Department of Education] to close their [loan] files [on him] as paid in full" in order to prevent further "collection efforts by defendants, such as intercepts of tax refunds, credit report of a bad debt, [and] incorrect credit reports being file[d]."  *Id*.  Mr. Dennis' response does not really assist in

6

resolving the issue. He does not disavow any intent to seek injunctive relief, but merely repeats that some of the claims do not. Accordingly, the complaint, as construed by the Department of Education, does raise an actual challenge to a current act by the agency because it contests the agency's maintenance of his loan file as active and open for non-payment.

The next question is then whether this court's jurisdiction is also proper over Mr. Dennis' claims against ECMC. As the court noted in its previous order (ECF No. 72):

> Because Section 1442(a)(1) authorizes removal of the entire action even if only one of the controversies it raises involves a federal officer or agency, the section creates a species of statutorily-mandated supplemental subject-matter jurisdiction. The district court can exercise its discretion to decline jurisdiction over the supplemental claims if the federal agency drops out of the case, or even if the federal defendant remains a litigant.

14C Wright & Miller, *supra*, § 3726.

**IV. Department of Education's Motion to Dismiss**

**A. Standard of Review**

A motion to dismiss under Fed.R.Civ.P. 12(b)(1) "challenges a court's authority to hear the matter brought by a complaint." *Akers v. Md. State Educ. Assoc.*, 376 F.Supp.3d 563, 569 (D.Md. 2019). Such a motion should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg*

7

*& Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In the context of such a motion, courts should "regard the pleadings as mere evidence on the issue," and "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). The plaintiff bears the burden of establishing subject matter jurisdiction. *Demetres v. E. W. Constr., Inc.*, 776 F.3d. 271, 272 (4th Cir. 2015).

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). At this stage, all well-pleaded allegations must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268, (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). Unsupported legal allegations need not be accepted. *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), as are conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not

8

permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### B. Analysis

The Department of Education first moves to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). (ECF No. 55-1, at 4-6). It argues that this court lacks subject matter jurisdiction because it enjoys sovereign immunity from Plaintiff's claims for injunctive relief. (*Id.*). Plaintiff mischaracterizes the Department of Education's argument as a request to remand. (ECF No. 63, at 1-2).[4]

Sovereign immunity protects the United States and its agencies "from suit without consent[.]" *Robinson v. U.S. Dep't of Educ.*, 917 F.3d 799, 801 (4th Cir. 2019). Sovereign immunity "can only be waived by statutory text that is unambiguous and unequivocal." *Id.* at 802. "The plaintiff bears the burden of

---

[4] There is nothing inconsistent in the Department of Education's removal of this action from state court on the basis of federal defendant jurisdiction and its assertion of sovereign immunity.

showing that the government has waived sovereign immunity at the motion to dismiss stage." *Id.*

The Higher Education Act of 1965 ("HEA"), Pub.L. 89-329, 79 Stat. 1219, provides a limited waiver of sovereign immunity allowing suit "in any court of record of a State having general jurisdiction or in any district court of the United States[.]" 20 U.S.C. § 1082(a)(2). The HEA's waiver does not include claims for "attachment, injunction, garnishment, or other similar process[.]" *Id.; see also Carr v. Devos*, 369 F.Supp.3d 554, 559 (S.D.N.Y. 2019). As Judge Blake noted in a similar case, "[c]ourts have repeatedly held that [§ 1082(a)(2)] prohibits claims for injunctive relief[.]" *Lipczenko v. Duncan*, No. 09-1407-CCB, 2010 WL 672846 at *1 (D.Md. Feb. 22, 2010)(collecting cases).

Both parties discuss *American Association of Cosmetology Schools v. Riley*, 170 F.3d. 1250 (9th Cir. 1999). The United States Court of Appeals for the Ninth Circuit explained that § 1082(a)(2)'s "anti-injunction bar cannot be skirted by the simple expedient of labeling an action that really seeks injunctive relief as an action for 'declaratory relief.'" *Id.* at 1254. The Ninth Circuit focused on the effect of the requested relief and concluded that, where the requested relief "is plainly coercive," the anti-injunction statute prohibits it "no matter what name it's given." *Id.* In dissent, Judge Reinhardt criticized the majority for crafting a test "without citing a single case, piece of

10

legislative history, or any other authority[,]" and argued that "[h]ad Congress intended to prohibit declaratory judgments, even those that might have a 'coercive' effect, along with injunctions, it plainly could have done so."  *Id.* at 1256 (J. Reinhardt, dissenting).  Not surprisingly, the Department of Education relies on the majority's reasoning and Plaintiff advances the dissent's rationale.

Recently, Judge Failla advanced the discussion by analyzing the phrase "or other similar process" in § 1082(a)(2):

> The [c]ourt concludes that the limited waiver of sovereign immunity does not allow declaratory relief that functions as injunctive relief by another name . . . Having reviewed [*American Association of Cosmetology Schools*] and the statute at issue, the [c]ourt finds the majority's analysis of the statute to reflect more accurately the statutory scheme.
>
> While § 1082(a) does not explicitly prohibit declaratory relief, it does prohibit claims for injunctive relief "and other similar process[.]" Applying the rule against surplusage, the term "similar process[]" must have some distinct meaning. *See Williams v. Taylor*, 529 U.S. 362, 364, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (holding that the rule against surplusage is the "cardinal principle of statutory construction"). Based on a straightforward reading of the text, the [c]ourt concludes that Congress provided a catch-all provision to foreclose the possibility that a claim that would produce the same effect as an injunction could escape the limitation.
>
> Having construed § 1082(a) in this manner, the [c]ourt must then consider whether

> [p]laintiffs' request for [] declaratory relief is in fact a disguised request for injunctive relief.

*Carr*, 369 F.Supp.3d at 560.

Here, Plaintiff asks the court: (1) to determine and declare that he has paid all outstanding loans in full; (2) to determine and declare that he has overpaid, such that the Department of Education and ECMC owe him funds; (3) to order cessation of collection efforts; and (4) to appoint a special examiner or auditor to examine the accounts at issue and the terms of the loans. (ECF No. 2, at 6).

The Department of Education argues that Plaintiff seeks "anticipatory relief against all future collection activity[.]" (ECF No. 55-1, at 6). The Department of Education contends that the declaratory relief sought by Plaintiff "is injunctive in nature," and therefore outside the HEA's limited waiver of sovereign immunity. (*Id.*). Plaintiff concedes that some of his requested relief "tend[s] to be injunctive" but argues that he also seeks declaratory relief. (ECF No. 63, at 4).

Plaintiff's prayer for an order of cessation of collection efforts is plainly injunctive in nature and thus, the Department of Education enjoys sovereign immunity from such claim. Plaintiff's prayers for declarations (1) that he has paid all outstanding loans in full and (2) that he has overpaid, such that the Department of Education and ECMC owe him funds are also barred

12

by sovereign immunity. Such requests are merely "disguised request[s] for injunctive relief" as they are forward-looking and coercive in nature. *See Lipczenko*, No. 09-1407-CCB, 2010 WL 672846 at *2 ("[Lendee's] claim for injunctive relief is barred by section 1082(a)(2)."); *but see Shlikas v. U.S. Dep't of Educ.*, No. 09-2806-WDQ, 2013 WL 2149752 at *3-4 (D.Md. May 15, 2013) ("The clearest traditional analog to this action would be the [Department of Education] suing [lendee] for contract damages for failure to pay his loans; [lendee] would have defended by asserting that he had properly paid. Breach of contract is a legal cause of action).

Even if such requests *were* truly declaratory, the court would still decline to exercise its authority to hear the action. "[E]ven where a court lacks jurisdiction over a plaintiff's claim for injunctive relief, [however,] it may still consider additional forms of relief pled by the plaintiff." *Lipczenko*, No. 09-1407-CCB, 2010 WL 672846 at *2. The Declaratory Judgment Act, 28 U.S.C. § 2201, grants federal district courts the discretionary power to entertain declaratory judgment actions. *See Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). A federal court has discretion to entertain a declaratory judgment action if the relief sought (1) "will serve a useful purpose in clarifying and settling the legal relations in issue" and (2) "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Continental Casualty Co. v. Fuscardo*, 35 F.3d 963,

13

965 (4th Cir. 1994) (quoting *Nautilus Ins. Co. v. Winchester Homes*, 15 F.3d 371, 375 (4th Cir. 1994)).

Here, Plaintiff's requested "declaratory" relief would serve neither of these objectives. The requests for declaratory relief, standing alone, will not settle the legal relations or afford relief from uncertainty unless the court also enjoins collection efforts or orders repayment. As to those issues, the Department of Education enjoys sovereign immunity. Additionally, Plaintiff's contention that the portion of his prayer requesting court-appointment of an auditor constitutes "declaratory" relief is plainly incorrect as such an action would not be a "declar[ation] of the rights and other legal relations" of the parties. *See* 28 U.S.C. § 2201(a). Accordingly, the court concludes that the Department of Education shall be dismissed as a defendant.

**V.   ECMC's Motion for Summary Judgment**

    **A.   Standard of Review**

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is inappropriate if any material factual issue "may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (2001). The existence of only

14

a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 251-22. Instead, the evidentiary materials must show facts from which the finder of fact reasonably could find for the party opposing summary judgment. *Id.* The facts are to be taken in the light most favorable to the party opposing summary judgment, the non-moving party.

**B.  Analysis**

Despite this court's order directing the parties to identify "the cause of action, and the portion of the case involving ECMC," (ECF No. 72, at 6), neither Plaintiff nor ECMC has provided responsive supplemental briefing. Nonetheless, whatever cause of action exists against ECMC depends on there being some error in the calculation of Plaintiff's remaining loan balance. As discussed below, because Plaintiff has not come forward with any evidence of full repayment, any claim that exists is properly disposed of on summary judgment.

ECMC argues that "there is no evidence that Plaintiff has fully repaid the . . . loans held by ECMC[]" and "the evidence is undisputed that Plaintiff presently owes more than $17,000.00 to ECMC." (ECF No. 64-1, at 1). Because Plaintiff has not repaid the loans, ECMC concludes that he "is not legally entitled to a declaration that the outstanding student loans held by ECMC have been paid in full[.]" (*Id.*, at 8). Relatedly, ECMC concludes that Plaintiff may not obtain a declaration that he has overpaid ECMC

15

and may not obtain an injunction to enjoin collection efforts by ECMC. (*Id.*, at 9).

As ECMC emphasizes in its reply (ECF No. 70, at 1), Plaintiff does not provide any evidence to challenge ECMC. The facts in ECMC's motion are therefore undisputed. *See* Fed.R.Civ.P. 56(e)(2). Plaintiff's three-page response merely states that Plaintiff "has paid tens of thousands of dollars on the [] loans" and requests "a complete statement of accounts." (ECF No. 68-1, at 2).

The evidence shows that Plaintiff's four undergraduate loans have not been paid in full. (ECF No. 64-2, ¶ 10; *see also* ECF No. 64-3, ¶¶ 29-36). In fact, the undergraduate loans "have an aggregate unpaid principal balance of $10,589.01, aggregate unpaid accrued interest of $3,555.10, and aggregate unpaid collection charges of $3,203.87." (ECF No. 64-2, ¶ 10). Plaintiff therefore owes $17,347.98 on his undergraduate loans. Plaintiff notes that the aggregate unpaid balance is greater than the initial value of the loan. (ECF No. 68-1, at 1). However, documents attached to Plaintiff's complaint explain that federal regulations governing the FFELP require all outstanding interest be capitalized at the time of a borrower's default and require guaranty agencies to add collection costs to educational loan debt. (ECF No. 32, at 3; *see also* ECF No. 64-1, at 3-4). Moreover, ECMC must apply any payments it does receive "first to outstanding costs, second to incidental

16

charges, then to accrued interest, and any remainder to principal." (ECF No. 64-2, ¶ 11). Plaintiff seems to concede that he owes some money but requests an accounting. (ECF No. 68-1, at 2). ECMC has provided information outlining the undergraduate loans' history, Plaintiff's default, and subsequent collection activity. (ECF Nos. 32; 64-2; 64-3). Plaintiff has provided no evidence that he paid his loans in full or that he overpaid. Plaintiff is not entitled to the relief he seeks. ECMC's motion for summary judgment will be granted.

## VI. Conclusion

For the foregoing reasons, the motion to dismiss filed by the United States Department of Education (ECF No. 55), and the motion for summary judgment filed by Educational Credit Management Corporation (ECF No. 64) will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge